# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>     v.<br>JORGE LANDIN ACEVEDO,<br><br>                           Defendant. | Case No. 11cr02898 BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT** |

Defendant Jorge Landin Acevedo is charged with being a deported alien "found in" the United States without permission in violation of 8 U.S.C. § 1326. Pending before the Court are the Defendant's motion to dismiss the indictment and an additional brief filed in conjunction with the Defendant's motion to dismiss pursuant to Anders v. California, 386 U.S. 738 (1967). (Docs. 23 and 36, respectively.) For the reasons set forth herein, the Defendant's motion to dismiss the indictment (Docs. 23 and 36) is DENIED.

## I. BACKGROUND

The Defendant was admitted to the United States as a legal resident on September 17, 1993. (Doc. 36, Ex. B ("Transcript of [April 21, 2005] Deportation Hearing of Jorge Landin Acevedo") at 6:11-13.) On June 2, 2004, the Defendant was convicted in the Superior Court of California, Riverside County, on one count of committing a criminal threat

in violation of California Penal Code § 422 and one count of wilful infliction of corporal injury on a spouse/cohabitant in violation of California Penal Code § 273.5. (Doc. 28, Ex. 1 ("Abstract of Judgment").) The Defendant was sentenced to two years on each count, with the sentences to run concurrently. (Id.) Ultimately, the Defendant served 13 months on his two 2004 convictions. (Doc. 36, Ex. B at 7:9.)

Following his release from prison, the Defendant appeared before an immigration judge ("IJ") for a scheduled deportation hearing on April 21, 2005. At that hearing, the IJ explained that as a result of the Defendant's aggravated felony convictions, the Defendant was ineligible for either cancellation of removal (id. at 8:10-14) or voluntary departure (id. at 9:5-6). The IJ entered a deportation order against the Defendant, and the Defendant was physically removed from the United States to Mexico that same day. (Doc. 28, Ex. 4 ("Warrant of Removal/Deportation").) Most recently, the deportation order against the Defendant was reinstated on March 23, 2011. (Doc. 28, Ex. 8.)

The present charges arise out of Defendant's apprehension and arrest on May 11, 2011, in the vicinity of Barrett Junction, California, approximately five miles west of the Tecate, California Port of Entry and approximately three miles north of the United States-Mexico international boundary.

On July 7, 2011, a federal grand jury in the Southern District of California returned a one-count indictment against the Defendant charging him as "an alien, who previously had been excluded, deported and removed from the United States to Mexico, [and who] was found in the United States, without the Attorney General of the United States or his designated successor . . . having expressly consented to [his] reapplication for admission into the United States, in violation of [8 U.S.C. § 1326(a) and (b)]." (Doc. 1 at 1.)

On March 1, 2012, the Defendant filed a motion to dismiss the indictment on the grounds that (a) the five-day period between the Defendant's arrest and his appearance before a magistrate judge violated Rule 5 of the Federal Rules of Criminal Procedure; (b) the conditions of his pretrial confinement constitute punishment prior to adjudication of guilt in violation of the Due Process Clause of the Fifth Amendment; (c) the instructions provided to

1 a Federal Grand Jury in January 2010 improperly influenced the outcome of the Grand Jury's deliberations; (d) the Indictment fails to allege that the Defendant voluntarily entered the United States prior to arrest; and (e) the underlying deportation proceedings violated the Defendant's due process rights, resulting in prejudice.

At a hearing on April 6, 2012, the Court rejected the Defendant's first three arguments (pre-arraignment delay in violation of Rule 5, pre-trial detention in violation of the Fifth Amendment, and improper grand jury instructions), and denied the motion to dismiss on those grounds. (See Doc. 33 (Minute Entry).)

## II. DISCUSSION

This order addresses the motions to dismiss on the grounds that the Indictment failed to allege voluntary entry, that the underlying deportation proceedings violated due process, and that the Defendant received legal permanent resident ("LPR") status in 2009. The Court addresses each in turn.

### a. No allegation of voluntary reentry in Indictment

The Defendant claims that the Indictment "fails to state an offense under 8 U.S.C. § 1326" because "it fails to allege that Mr. Acevedo voluntarily entered into the United States." (Doc. 23 at 10.) This argument is foreclosed by United States v. Rivera-Sillas, 417 F.3d 1014 (9th Cir. 2005), in which the Ninth Circuit held:

> The Government does not need to charge or prove voluntary entry in a § 1326 "found in" offense; indeed we have definitively said that "[v]oluntary entry need not be expressly pled in an indictment for a violation of 8 U.S.C. § 1326." [United States v. San Juan-Cruz, 314 F.3d 384, 390 (9th Cir.2002).] As we stated in United States v. Parga-Rosas, [238 F.3d 1209, 1213 (9th Cir. 2001),] "[a]lleging that the defendant is a deported alien subsequently found in the United States without permission suffices" for a § 1326 "found in" indictment.

417 F.3d at 1018-19. The Indictment in the present case alleges in clear terms that the defendant (a) is a deported alien (b) who subsequently was found in the United States (c)

without permission. Under clear and binding precedent, the Indictment has stated an offense under 8 U.S.C. § 1326, notwithstanding the omission of an allegation of voluntary entry.

  b. <u>Collateral attack on underlying deportation proceedings</u>

The Defendant next argues that he was not adequately advised of his right to counsel during the underlying deportation proceedings, causing him prejudice, and that the deportation order entered against him therefore cannot serve as the basis for the present charge. (<u>See</u> Doc. 23 at 11-14.) This argument is similarly unpersuasive.

Due process requires that a defendant charged with a violation of § 1326 must have the right to raise a collateral attack against the prior deportation before trial. <u>United States v. Pallares-Galan</u>, 359 F.3d 1088, 1095 (9th Cir. 2004). In order to sustain a collateral attack under § 1326(d), a defendant must demonstrate: (1) that he "exhausted any administrative remedies that may have been available to seek relief against the order;" (2) that "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review;" <u>and</u> (3) that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d) (emphasis added). "[A] predicate removal order satisfies the condition of being fundamentally unfair for purposes of § 1326(d)(3) when the deportation proceeding violated the alien's due process rights <u>and</u> the alien suffered prejudice as a result." <u>United States v. Arias-Ordonez</u>, 597 F.3d 972, 976 (9th Cir. 2010) (emphasis added). In short, the Defendant is not entitled to relief under § 1326(d) unless he can establish each of § 1326(d)'s elements, and establishing the third element requires him to show prejudice. <u>See</u> <u>United States v. Reyes-Bonilla</u>, 671 F.3d 1036, 1049 (9th Cir. 2012) (holding that defendant must establish actual prejudice, where defendant sought to collaterally attack underlying deportation proceedings on ground that he was not adequately advised of right to counsel). To establish prejudice, the Defendant must show that "he had a 'plausible' basis for seeking relief from deportation." <u>Pallares-Galan</u>, 359 F.3d at 1103.

The Defendant contends that he has a plausible basis for seeking relief because he was eligible for a waiver under § 212(c) of the Immigration and Nationality Act ("INA" or the "Act") at the time of his initial deportation. However, recourse under § 212(c) was not available at the time of the Defendant's 2004 convictions, since that section was repealed in 1996 by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). See Immigration and Naturalization Service v. St. Cyr, 533 U.S. 289, 297, 326 (2001) (explaining genesis of waiver of removal provision in INA). Presently, the Attorney General has no discretion to cancel removal of an alien deemed inadmissible or deportable if the alien has "been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3) (emphasis added); see also United States v. Gonzalez-Valerio, 342 F.3d 1051, 1053 (9th Cir. 2003) (explaining that IIRIRA "repealed § 212(c) and replaced it with the new procedure of cancellation of removal, under which persons who had been convicted of an aggravated felony are ineligible for such relief" (citing 8 U.S.C. § 1229b(a)(3)).) Similarly, any aggravated felony conviction renders an alien ineligible for voluntary departure. 8 U.S.C. § 1229c(a)(1).

The Defendant's convictions under California Penal Code § 422 (criminal threat) and § 273.5 (wilful injury to spouse/cohabitant) both constitute aggravated felony convictions under the Act. The Act includes within the definition of "aggravated felony" any "crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year[.]" 8 U.S.C. § 1101(a)(43)(F). Each of the Defendant's 2004 convictions are crimes of violence under 18 U.S.C. § 16, and he was sentenced to a term of imprisonment of at least one year on both. See Banuelos-Ayon v. Holder, 611 F.3d 1080, 1083 (9th Cir. 2010) (holding that a conviction under California Penal Code § 273.5 is categorically a crime of violence under 18 U.S.C. § 16(a)); Rosales-Rosales v. Ashcroft, 347 F.3d 714, 718 (9th Cir. 2003) (holding that a conviction under California Penal Code § 422 is categorically a crime of violence under 18 U.S.C. § 16(a)).

Consequently, the Defendant would not have been eligible for discretionary relief either in the form of cancellation of removal or voluntary departure. See 8 U.S.C. §§ 1229b(a)(3), 1229c(a)(1). The Defendant has not alleged prejudice based on the denial of

any other forms of discretionary relief, nor has he introduced any evidence showing that other forms of relief may have been available to him at the time of his deportation proceedings. Accordingly, the Court finds that the Defendant has failed to establish any plausible basis of relief. See Reyes-Bonilla, 671 F.3d at 1049-50 ("A plausible claim to relief . . . requires some evidentiary basis on which relief could have been granted, not merely a showing that some form of immigration relief was theoretically possible."). The Defendant therefore cannot meet his burden of showing prejudice in the underlying deportation proceedings, and his challenge to the underlying deportation proceedings fails. Pallares-Galan, 359 F.3d at 1103.

### c. Defendant's claim of LPR status

Lastly, the Court addresses the Defendant's claim that he received legal permanent resident status in 2009, which the Defendant introduces in the context of his argument that procedural defects in the deportation proceedings caused him prejudice. (Doc. 23 at 14.) This argument is entirely undeveloped, and consists only of the Defendant's bald (and apparently misplaced) allegation. The Defendant has offered no evidence to support his claim of LPR status, nor does he mention it in his sworn declaration. (See Doc. 31.) The government avers that the Defendant's A-file contains no evidence showing an award of LPR status to the Defendant in 2009. (Doc. 23 at 11.) Moreover, the government has filed a copy of a "Warrant of Removal/Deportation" entered against the Defendant on March 23, 2011. (Doc. 28, Ex. 8.) In light of the forgoing, the Court rejects any claim that the § 1326 charge should be dismissed because the Defendant was a legal permanent resident at the time of his arrest on May 11, 2011.

//
//
//
//

### **III. CONCLUSION**

For the reasons set forth above, the Court hereby DENIES in its entirety the Defendant's motion to dismiss the Indictment (Docs. 23 and 36).

**IT IS SO ORDERED.**

DATED: April 20, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court